THE CITY OF EAST ST. LOUIS

*v.*

ERNST W. WIDER.

46 351
63a 459

1. LICENSE—*of payment of—tender of police commissioner's certificates.* Where an ordinance of a city requires a merchant's license to sell goods, and imposes a penalty for its violation, and provides that only the currency of the United States or city orders shall be a tender therefor—and a tender is made of the certificates of indebtedness of the police commissioners, in payment of such license: *Held,* that the certificates of indebtedness of the police commissioners were not city orders, in contemplation of the ordinance, and were properly refused; and that the ordinance which made the certificates of indebtedness of the police commissioners, a tender in payment of city taxes, did not make them a tender in payment of license.

APPEAL from the Circuit Court of St. Clair county; the Hon J. GILLESPIE, Judge presiding.

This was a proceeding commenced in the Circuit Court of St. Clair county, for an alleged violation of the following city ordinances:

Art. 1. SEC. 1 provides that no person shall engage in, or carry on, any business or calling thereinafter mentioned, without license. Sec. 2 provides that merchants shall pay $10 for each license for one year or five dollars for six months. Whoever shall deal in the selling any goods, wares, etc., at any store or place in the city shall be deemed a merchant.

Art. 4. Sec. 4. If applicants for license shall pay into the city treasury the amount required by the license applied for in United States currency or city orders, and if the city treasurer receives such payments he shall deliver to the applicant his receipt, and if such applicant is required to give bond, such bond shall be deposited with the city clerk before any license shall be issued.

Sec. 5. Upon proper application, city clerk to issue all licenses taken out and keep record thereof. Entitled to fee from applicant, etc.

Sec. 6. No licenses to be granted to any improper person, and it is made the duty of the mayor, treasurer and city clerk to see that this section is faithfully carried out.

Sec. 8. Any person who shall engage in or carry on any business, trade or calling, required by this ordinance to be licensed, before a license shall have been obtained for the same, in the manner herein provided, such person shall be deemed guilty of a violation of this ordinance and subject to a fine of not less than three nor more than one hundred dollars for each and every offence.

It seems that Wider had a merchant's license from said city, which expired on the 1st of September, 1867. On the 5th of September of said year he tendered the required amount in certificates of indebtedness issued by the police commissioners of said city, to the treasurer of said city, and demanded a receipt therefor upon which to obtain a license, which was refused. He then continued to sell and deal in goods, wares and merchandize; and for sales made subsequent to such tender he was prosecuted under the ordinance of said city, for doing the business of a merchant, without license.

The question, arising under the assignment of errors, is, whether the tender of the certificates of indebtedness of the police commissioners, was a sufficient tender in payment of license under the provisions of the ordinance.

Mr. Wm. H. Underwood, for the appellant.

Mr. Gustavus Koerner, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

There is but one question presented by this record, and that is, was the tender by appellee, to the city treasurer, of

certificates of indebtedness issued by the police commissioners of the city under the act of February 22, 1867, a good tender, in payment of a license to sell goods in the city of East St. Louis?

This is to be solved by reference to the ordinances of that city.

Section 1, article 1, of the ordinance in relation to licenses, provides that no person shall engage in any trade or business thereinafter mentioned, without first having obtained a license therefor, in the manner therein provided.

Section 2, provides that merchants shall pay ten dollars for each license for one year, or five dollars for six months, and whoever shall deal in selling goods &c., at any store or stand in the city shall be deemed a merchant.

Section 4, of Article 4, provides, if applicants for license shall pay into the city treasury, in United States currency or city orders, the amount required for the license applied for, and if the city treasurer receive such payment, he shall deliver to the applicant his receipt for the same, which receipt, and the bond of the applicant, if one is required, shall be deposited with the city clerk before any license shall be issued.

By section 5, the city clerk is to issue the licenses and to keep a record of them.

Section 6 provides that no license shall be granted to any improper person, and it is made the duty of the mayor, city treasurer and city clerk, to see that this section is faithfully carried out.

Section 8 provides a penalty against any person who shall, without procuring a license, engage in trade—the penalty to be not less than three dollars and not more than one hundred dollars for each offence.

It is agreed, that appellee had a merchant's license from the city authorities, which expired on the first of September, 1867, and that on the fifth of that month and year he tendered the required amount in certificates of indebtedness issued by the police commissioners of the city, to the city treasurer, and

45—46TH ILL.

demanded a receipt therefor as money, as city orders receivable for licenses, which the treasurer refused. The applicant continued to sell and deal in goods as before, and for such sales, subsequent to such tender, he was prosecuted for the penalty.

The court found for the defendants, on appeal from the city court, and gave judgment against the city for the costs.

There can be little, if any, doubt, the appellee was liable to this penalty. It will be seen by the portions of the ordinance quoted, that it is only upon the receipt of the city treasurer that the amount required for a license has been paid, that the city clerk is authorized to issue a license. The treasurer refused to receive the certificates issued by the police commissioners, and whether rightfully or wrongfully, the applicant was not entitled to a license. If the treasurer wrongfully rejected the application, then the course open to the applicant was plain, which was by mandamus to compel him to grant the application. Being refused a receipt, the city clerk could not issue the license; the old one had expired, and continuing the sale without a license, was a plain violation of the ordinance.

But did not the treasurer rightfully refuse to accept these certificates? It is clear that he did. By the act to establish a police force for the city, it is provided by section 16, that the board of police commissioners shall make annual estimates of such sums as shall be necessary in each fiscal year to enable them to discharge their duties, which they must forthwith certify to the city council, who are required to appropriate the amount so certified out of the general fund of the city; if the city council fails to do this, or the disbursing officer of the city fails to pay over the amount of the appropriation to the board, the board are authorized to issue certificates of indebtedness in the name of the city, in such amounts as they may deem advisable, for the amount of their requisition upon the city council on their appropriation, the certificates to bear interest

at ten per cent. per annum, payable not more than twelve months after date, and to raise money, they are authorized to pledge the certificates ; which certificates are made receivable at par, in payment of all city taxes, and are as binding upon the corporation, and as recoverable against it, as if the city council had themselves authorized the issuing of the certificates. Private laws of 1867, vol. 2, p, 489.

It will be perceived that section 4 of article 4, of the ordinance, specifies particularly, what shall be received by the treasurer in payment for a license. The medium of payment is either United States currency, or city orders, which, in the absence of all proof to the contrary, we must intend were the ordinary and usual orders, which the authorized officers, appointed for that purpose, drew from time upon the city treasury, not the notes or obligations which the city might have executed as evidence of its indebtedness. These certificates, issued by the police commissioners, are not specified in the ordinance as a medium of payment for a merchant's license, and by express enactment, are receivable only for city taxes. Unless it can be shown, then, that the amount to be paid for a license is a city tax, the claim of appellee was unfounded, and properly denied.

That it is not a tax, is shown by the case of *East St. Louis* v. *Wehrung, post.*

The legislature, by the revenue act of 1853, provided that the revenue of counties should be collected in gold and silver coin, county orders and jury certificates, and in no other currency ; and for State purposes, in gold and silver coin and auditor's warrants, and in no other currency. The expression of these descriptions of *media*, excludes all other descriptions; hence, auditor's warrants could not be received in payment of the county revenue, though equal to gold and silver, and which the State could be compelled to pay. They might be far more valuable than county orders or jury certificates, yet the collector could not be compelled to receive them for the county revenue. So here, though these certificates of indebtedness

are binding .upon the city, and recoverable against the city, and of equal value to city orders, still they are not city orders and made receivable for licenses, but for taxes only.

In an action brought for non-delivery of corn, it would be no defence that wheat was tendered, of equal or greater value than the corn promised. City orders or United States currency being alone receivable for a merchant's license, it follows, that certificates of indebtedness, which are declared to be receivable for taxes, and which the city is bound to pay, though equal in value to currency or to city orders, was no tender, and the city treasurer properly refused them.

Appellee, proceeding to sell goods without having a license, was liable to the penalty, and the court should have so held. He was bound to do all in his power to get a license, and if these certificates were refused, then he should have tendered currency or city orders. He did neither, but he chose to risk a prosecution, on his own judgment, that these certificates and city orders were one and the same thing. That they are not, we have shown; consequently, appellee having no license to vend goods, he is liable to the penalty.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*