## GEORGE W. JOHNSON
### *v.*
## THE PEOPLE OF THE STATE OF ILLINOIS.

STATUTES—*appeal from the county court.* The right of appeal from the county court to the circuit court, by section 192 of the Revenue Law of 1872, as amended by the act of 1873, is not taken away by sections 122 and 123 of the act in force July 1, 1874, entitled "County Courts."

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. W. LANGLEY, for the appellant.

Mr. WM. A. DAY, for the People.

Per CURIAM: This was an application to the county court of Champaign county, at the May term, 1875, for judgment against certain lands for delinquent taxes. Judgment was rendered against the lands of the appellant, and he appealed to the circuit court, the appeal having been taken on the 1st

day of June, 1875. The latter court dismissed the appeal for want of jurisdiction, and from that order this appeal is taken.

By section 192 of the Revenue Law of 1872, as amended by the act of 1873, an appeal was given, in this class of cases, to the circuit court. Rev. Stat. 1874, page 890. The question presented is, whether this right of appeal to the circuit court, given by this section, was taken away by sections 122 and 123 of the act in force July 1, 1874, entitled "County Courts," so that, under the latter sections, the appeal lay only to the Supreme Court.

It was held by this court, in the case of *Fowler* v. *Pirkins,* 77 Ill. 271, that the appeal might be taken to either the circuit court or the Supreme Court, at the option of the appellant. According to the opinion in that case, the court here erred in dismissing the appeal. By the statute which came in force July 1, 1875, said section 192 of the Revenue Law is amended so as to give the appeal therein provided for to the Supreme Court, instead of the circuit court; but that statute, not going into effect until after the appeal in question was taken, does not affect it.

We are asked by the counsel on both sides, that, in case we are of opinion the circuit court had jurisdiction, and ought to have heard the case upon its merits, we proceed and pass upon the objections to the tax, as presented by the record. We must decline to undertake anything more than to review the ruling of the lower court.

The judgment is reversed and the cause remanded.

*Judgment reversed.*