# WILLIAM C. PRATHER *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1.  CRIMINAL LAW—*sale of liquor—evidence.* Where one is indicted for selling intoxicating liquor without a license, it is error to refuse to allow him to show the incorporation of the village in which the sales were made, when the defendant offers to show an ordinance authorizing the sale of such liquors, and his compliance with the ordinance.

2.  SAME—*whether formal license required.* Where a party strictly complies with the ordinances of a village having power to license and regulate the sale of intoxicating liquors, by paying the money required for the privilege, and giving bond which is accepted, he will be protected in selling, although the clerk may have neglected to give him a license. The ordinance, in such cases, is the authority to sell, and the license is only evidence of it. A formal license is not necessary.

3.  LICENSE—*to sell liquor—approval of bond.* The acceptance of a bond with sureties, by the treasurer of a municipal corporation, given under an ordinance regulating the sale of intoxicating liquors, and his receipt for the license money, and his direction to the clerk to issue a license, is sufficient evidence of the approval of the bond, and that it is free from objection, in a prosecution against the party for selling such liquors.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. SCRANTON & LOGAN, for the plaintiffs in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. Justice Breese delivered the opinion of the Court:

This was an indictment, in the Cumberland circuit court, under the act of 1874, title, "Dram Shops," for selling intoxicating liquors without a license. The defendants were convicted and fines imposed, and they bring the record here by writ of error, assigning various errors, one of which is sufficient to reverse the judgment, and that is, the refusal of the court to admit evidence that Prairie City, the place where the act was done, was an incorporated village.

By section 3 of the act in question, it is provided, the county boards shall not have power to issue any license to keep any dram-shop in any incorporated city, town or village, or within two miles of the same, in which the corporate authorities have authority to license, regulate, restrain or prohibit the sale of liquors, or in any place where the sale of intoxicating liquors is prohibited by law. Rev. Stat. 1874, ch. 43. It was competent for the defendants to show Prairie City was incorporated, with power to license the sale of such liquors, and follow it up by showing the corporate authorities of that village had passed an ordinance permitting the sale of intoxicating liquors, and that they had complied therewith.

The defendants also offered to prove they had given a bond to the village authorities, and the payment to the village treasurer of two hundred dollars and his receipt therefor, and to show that was the amount demanded for a license.

The village ordinance authorized a license to issue on the payment of the required sum to the treasurer, and taking his receipt therefor, and filing the bond with sureties, as the ordinance required. When these acts were performed, the ordinance required the village clerk to issue the license. This is a fair inference. In pursuance of the ordinance, plaintiffs in error paid the money to the treasurer and filed with him their bond, with sureties, he giving to them a receipt for the same, at the same time directing the clerk to issue the license.

Under the ruling in *Bennett* v. *The People*, 30 Ill. 389, these acts justified plaintiffs in error in selling the liquor. It was

there said, that incorporated towns have the exclusive privilege of granting licenses to sell spirituous liquors and to prescribe the terms on which they may be sold within the limits of the incorporation, and no person need have any other license than the town ordinances. If he brings himself within their provisions he can not be and should not be punished.

In that case, no formal license had been issued; all that was done, was done under and by force of the ordinance.

In this case, everything required of appellants was done by them; they paid the money demanded and filed the required bond, and if a license was not issued, it was not their fault, but was the neglect of the village clerk. The village has obtained their money and still retains it, so far as the record discloses. A license, if issued, would only be evidence that the party had complied with all the requirements of the ordinance. The ordinance is the source of the power, and their compliance with its terms should protect them against a criminal prosecution.

It is said, there is no evidence the sureties to the bond were responsible. This objection is removed by the fact, that the treasurer, in his receipt for the price of the license, directed the clerk to issue a license. It is not to be presumed this officer would have so directed had he not considered the bond in all respects sufficient and approved by him. The acceptance of the bond by the treasurer, without objection, is strong evidence it was sufficient in all respects, and free from objection.

It is said, this case is like *Kadgihn* v. *City of Bloomington*, 58 Ill. 229, where a conviction was sustained. In that case appellant offered the money, tendered his bond and demanded a license, not in conformity with the ordinances of the city, but in direct opposition to the resolution and ordinance of the city council. In that case the ordinance and resolution only authorized a license for one month, which the party refused to receive, demanding one for a year, and on refusal he sold liquors in violation of the provisions of the ordinance. The remark, to be protected a party must have a license, means no more than this, that he must have competent authority to sell,

which we conceive plaintiffs in error had, by their strict compliance with the village ordinance, as herein before stated. Upon the point, that the act in question was not passed in the mode prescribed by the constitution, that was settled in *Johnson* v. *The People*, 84 Ill. 377, where it was held the constitutional requirements were observed in its passage.

For the reasons given, the judgment is reversed, and the cause remanded.

*Judgment reversed.*