JOHN L. SPAKE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

89  617
87a 176

1. INTOXICATING LIQUORS—*when license is not broad enough to protect sale.* Where an incorporated town has fixed the price of a license for a dram shop at $75 per year, and a druggist's license at $40 per year, a license issued to one as a druggist, which expressly provides that the holder, his agent, etc., shall not be authorized to sell intoxicating liquors to be drank at the place where sold, or in any room or place of resort adjacent thereto, is not broad enough to protect him against an indictment for the sale of such liquors which are allowed to be drank on the premises where sold.

2. LICENSE—*when void.* The payment of a less sum for a license than that required by law does not authorize it to be issued, and if issued contrary to law, it is a nullity.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. F. GOODSPEED, Judge, presiding.

Messrs. KENDALL & LOVEJOY, and Messrs. FARWELL & WARREN, for the plaintiff in error.

Mr. RICHARD M. SKINNER, State's Attorney, for the People.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The plaintiff in error was tried and convicted in the Bureau circuit court upon eight counts of an indictment, each of which charged that he had, at and within said county, not having a license to keep a dram shop, sold intoxicating liquor to be drank upon the premises where sold, contrary to the form of the statute, etc.

He did make eight distinct sales of intoxicating liquors to be drank upon the premises where sold. Said sales were made within the corporate limits of the town of Princeton in said county. By an amendment of the charter of said town it has the power and authority to regulate, permit or prohibit the selling of intoxicating liquors within said town, and to make all ordinances necessary and proper for carrying into operation said powers; and by another amendment of its charter said town is entitled to receive for its own use all fines and penalties recovered by indictment for any offenses committed within its limits.

The record further shows, the town of Princeton adopted an ordinance regulating the sale of spirituous, vinous, malt and fermented liquors, and providing for the issuing of a license authorizing the person named therein to sell such liquors by the glass or larger quantity at the place designated in such license, and fixing penalties for sales without licenses; that it fixed the price of saloon licenses at $75 per quarter; and that it afterwards, in January, 1877, adopted the following resolution:

"*Resolved*, That the council will license drug stores situ-

ated within the corporate limits of Princeton, on the payment of $40 quarter-yearly, in advance, to sell malt, fermented, vinous, spirituous and intoxicating liquors, subject, however, to the ordinances of the town of Princeton, and with the express provision that none of the above named liquors shall be sold by the druggists, their agents, clerks or any one in their employ, to be drank upon the premises where sold."

The record also shows the town council, on the 12th day of February, 1877, approved of two bonds executed by plaintiff in error and sureties, one payable to the People of the State of Illinois and the other payable to the town of Princeton, in each of which bonds, after a recital of the fact that the town had, on the day of the date thereof, granted to plaintiff in error a license to sell liquors, is this statement: " With the express provision that none of the above named liquors shall be sold, bartered, given away or delivered by the said John L. Spake or his agents, clerks or any one in his employ  *  *  * to be drank in said drug store or upon the premises where the same is located, or in or upon any adjacent room, building, yard, premises or place of public resort connected with or adjacent to said drug store ; " and also shows, that on the 28th day of March, 1877, said town issued to plaintiff in error a license, under its corporate seal, to sell intoxicating liquors, which contained this proviso : " *Provided,* that none of the above named liquors shall be sold, bartered, given away or delivered by said John L. Spake or his agents, clerks or any one in his employ, to be drank in said place of business aforesaid, or upon the premises where the same is located, or in or upon any adjacent room, building, yard, premises or place of public resort connected with or adjacent to said place of business aforesaid."

The indictment is based upon the provisions of chapter 43 of the Revised Statutes of 1874. The 15th section of the act expressly provides that it shall be no objection to a recovery, under the act, that the offense for which the person is prosecuted is punishable under any city, village or town ordinance.

When said section went in force, the doctrine announced in *Bennett* v. *The People,* 30 Ill. 389, that where the power has been given to an incorporated· town to· regulate ·this subject, and that power has been exercised, persons within the corporate limits are answerable to the town authorities, under the ordinances, and to them alone, ceased to be the law.

It is clear that the acts of the plaintiff in error were violations of the Dram Shop law, and that he was guilty of the several offenses charged in the indictment, unless he was protected in those acts by the license that he obtained from the town authorities. It may be admitted that the town of Princeton had authority and power, under the amendments to its charter, to regulate the sale of intoxicating liquors within its corporate limits and to license the sale of such liquors. The plaintiff in error relied upon a license. To make that defense available, his license must have been broad enough to cover the acts alleged in the indictment and established by the proofs. The acts charged were sales of intoxicating liquors to be drank upon the premises where sold, and these acts of his were shown upon the trial. Did he have a license authorizing him to sell intoxicating liquors to be drank upon his premises? Plainly not, for his license, introduced by himself in evidence, expressly stated that no liquors should be sold by him to be drank in his place of business or upon the premises. He neither applied for, nor paid for, nor obtained a license ·that authorized ·him to sell liquors so to be drank. As shown by his own evidence he simply applied for and obtained a license as a druggist. ·

The case of *Prather* v. *The People,* 85. Ill. 36, was wholly unlike this case. There, the defendant offered to prove the actual payment to the village treasurer of $200, and to introduce his receipt therefor, and to show that was the amount demanded for a license of a character that was broad enough to cover the acts charged in the indictment pending against him. Here, there was no such offer, but, on the contrary, the very evidence that the defendant did introduce showed that he

had not paid for any such license. There, the village had obtained and retained the price of the license that would authorize and justify the act of the defendant. Here, the town has not obtained the price of such a license. There, the defendant sought to avail himself of a privilege that he had paid for, and he had done everything required of him. Here, the defendant claims a privilege that he has not paid for. Under the charter of the town it may regulate, permit or prohibit the sale of intoxicating liquors. It has attempted to do so, in part, by the resolution passed in January, 1877. If it was competent to accomplish such object in that mode, then plaintiff in error has a valid druggist's license. If a resolution was not effective for such purpose, then plaintiff in error had no valid license to sell liquors to be drank either on or off the premises. The payment of a less sum for a license than that required by law does not authorize it to be issued, and if issued contrary to law, it is a nullity. *Lombard* v. *Cheever,* 3 Gilm. 469; *Munsell* v. *Temple,* ibid. 93.

The defense made by the plaintiff in error was wholly without merit.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*