## JOHN B. ZANONE

### v.

## CITY OF MOUND CITY.

1. MUNICIPAL POWERS—REFUSING TO GRANT LICENSE.—Under a general ordinance of a city for licensing dram-shops, the city authorities have no right to make an arbitrary discrimination in granting licenses, in favor of some and against others.

Zanone v. City of Mound City.

2. ORDINANCE.—Ordinances must be general in their character, and operate equally upon all persons within the municipality of the same class to whom they relate.  ·

3. KEEPING DRAM-SHOP WITHOUT LICENSE.—Where a person has complied with all the requirements of an ordinance respecting the issue of a license to keep a dram-shop, and nothing further remains for him to do, it is the duty of the city authorities to issue one, and if they neglect or refuse so to do, making an arbitrary discrimination against him after having issued licenses to others, they can not afterward maintain a prosecution against him for keeping a dram-shop without license.

APPEAL from the Circuit Court of Pulaski county; the Hon. JESSE J. PHILLIPS, Judge, presiding.   Opinion filed September 29, 1882.

Messrs. MULKEY & LEEK, for appellant; cited Bennett v. The People, 30 Ill. 394; Prather v. The People, 85 Ill. 37; Kadgihn v. Bloomington, 58 Ill. 229;   Martel v. E. St. Louis, 94 Ill. 69; E. St. Louis v. Wehrung, 46 Ill. 393.

Mr. SAMUEL P. WHEELER, for appellee.

CASEY, J.   Appellant was charged with selling intoxicating liquors within the incorporate limits of Mound City, in violation of a city ordinance of said city, prohibiting the sale of intoxicating liquor without a license.   The suit was begun before the police magistrate of Mound City, where upon a trial of the cause appellant was found guilty.   He appealed to the circuit court and upon a trial in that court was found guilty and fined ten dollars and costs.   The case is brought to this court by appeal.   The evidence shows that appellant sold intoxicating liquor within the limits of the city of Mound City   as charged in the complaint between the 21st of July, and the 14th of August, 1880, and that he had no license to sell intoxicating liquors.   On the trial of the cause appellant offered to prove:

1. By the revised ordinances of said city that section 58 of Chapter VII of said ordinances is in the words and figures following, to wit: "The applicant, before license is granted to retail vinous, spirituous or fermented liquors, shall execute a bond payable to the city of Mound City in the penal sum of

five hundred dollars, lawful money of the United States, with one or more securities to be approved by the city clerk, conditioned that the applicant will keep an orderly house and keep the same closed at all times on the Sabbath, and not permit any unlawful gaming or riotous conduct in his house at any time and that the applicant will keep and observe all laws of this State and ordinances of the city council, regulating the retailing of vinous, spirituous or fermented liquors."

2. That by the revised ordinances of said city, that one hundred dollars per annum is the license fee, fixed by said ordinance for the privilege of vending, at retail, vinous, spirituous, fermented and mixed liquors within said city of Mound City.

3. That by the ordinances of said city there are no conditions precedent in said ordinances contained, to be performed by appellant to enable him to obtain said license, other than those which are set out in this bill of exceptions.

4. Appellant stated and offered to prove by the record of the city council of said city, that at a meeting of said city council held on the 26th day of June, 1880, for the transaction of general business, he made application to said city council for a license to vend at retail within said city, vinous, spirituous, fermented and mixed liquors, for a period of one year from the 1st day of July, 1880, and that said license was then and there refused.

5. That by the record of said city council that at said meeting said city council granted license to five applicants who had made application in the same manner that appellant had, to vend at retail in said city for a period of one year from the first day of July, 1880, vinous, spirituous, fermented and mixed liquors, and that appellant was the only applicant whose application was denied.

6. That on the 21st day of June, 1880, he filed with the city clerk of said city two liquor bonds with three good and sufficient sureties, freeholders of said county of Pulaski, one in the penal sum of three thousand dollars, payable to the People of the State of Illinois, and conditioned that appellant would pay all persons all damages that they might sustain,

either in person or property, or means of support, by reason of appellant so obtaining a license selling or giving away intoxicating liquors; the other in the penal sum of five hundred dollars, payable to said city of Mound City, and conditioned that appellant would keep an orderly house and keep the same closed at all times on the Sabbath, and not permit any unlawful gaming or riotous conduct in his house at any time, and that he would keep and observe all laws of this State and ordinances of the city council regulating the retailing of vinous, spirituous or fermented liquors.

7. Appellant offered to prove by the receipt of the city treasurer of said city that on the 1st day of July, 1880, after learning from the city clerk that license had been refused him, and without notifying or informing the city treasurer of this fact, appellant paid to the city treasurer of said city the sum of one hundred dollars as the license fee for the privilege of selling at retail within said city of Mound City, for a period of one year, from the 1st day of July, 1880, vinous, spirituous, fermented and mixed liquors.

8. That said treasurer of said city of Mound City still retains said one hundred dollars license fee, and that said license fee was not offered or tendered back to appellant until after the suit in the above entitled cause was instituted, and that appellant had never demanded or requested the money from the city treasurer, and that no application for license was made by appellant after July 1st, 1880.

9. That for twenty-four years prior to the 1st day of July, 1880, he had continuously kept a dram-shop within said city of Mound City, and that during all that time he was a temperate man of good moral character, and that he had at all times observed the laws of the State of Illinois and the ordinances of said city of Mound City regulating the retailing of intoxicating liquors.

10. That the city council of said city of Mound City on said 26th day of June, 1880, granted license to three applicants to sell intoxicating liquors within said city, whose places of business were in the same block that the house in

which appellant asked the privilege to sell liquor was situated.

Objection was made to the introduction of this testimony by appellee; the objection was sustained by the court, and appellant excepted to the ruling of the court.

This testimony would have shown that appellant fully complied with the terms and conditions of the ordinance in regard to obtaining license to sell intoxicating liquors within the city limits. If appellant did comply with the provisions of the ordinance, did the city authorities have any power to refuse to grant him the license? and that is the first question for determination. The case of The People upon the relation of John B. Zanone (this same appellant) v. The City of Mound City, opinion filed at Ottawa, May 12, 1882, was a petition for a mandamus to compel the city authorities to issue to him a license to sell intoxicating liquors, etc. A peremptory writ of mandamus was awarded by the Supreme Court.

The facts are the same substantially as in the case now before us. The court held in substance that under a general ordinance of a city for licensing dram-shops the city authorities had no right to make an arbitrary discrimination in granting license. They can not grant the same to a favored few and refuse it to another who has in all respects complied with the ordinance and laws of the State, who is admitted to be a suitable person for the transaction of such business. Municipal corporations are mere creatures of the legislative will and can exercise no powers, except such as the State has conferred upon them. All powers they possess are held by them in trust for the people of the municipality and the people generally. Ordinances must be general in their character and operate equally upon all persons within the municipality of the same class to whom they relate. They must not be in violation of any law, contrary to public policy or unnecessarily oppressive, and must not unjustly and arbitrarily discriminate between citizens of the same class. The business of dealing in liquor is recognized by the law as a legitimate business and a license to keep a grocery or dram-shop is placed in the same category with a license to carry on the business of a

merchant, and it must be dealt with according to law, and special privileges are not to be granted to the favored few in that business more than another business. Any one who has brought himself strictly within the requirements regulating the licensing power may, by mandamus, compel the corporate authorities to issue him a license. Appellant proposed to prove on his part a compliance with all the conditions and requirements of the ordinance; and the circuit court erred in refusing to allow him to do so. It is quite clear from what has been said that the municipal authorities should have issued to appellant the license in question. The license was not issued and appellant proceeded with the sale of intoxicating liquors the same as if he held a license. Having complied with the terms of the ordinance, might he sell intoxicating liquor before the license was issued ? We think he might do so. In the case of Prather et al. v. The People, 85 Ill. 36, it is said that everything required of appellants was done; they paid the money demanded and filed the required bond; if a license was not issued it is not the fault of appellants. A license, if issued, would only be evidence that the party had complied with all the requirements of the ordinance. The ordinance is the source of the power and a compliance with its terms should protect appellant from prosecution. Appellant must have competent authority to sell and he has that authority when he has strictly complied with the terms of the ordinance. In conformity to the ruling of the Supreme Court, we hold that appellant proposed to comply with the provisions of the ordinance of appellee regulating the sale of intoxicating liquors. That it was obligatory upon appellee to issue the license, and that having failed to comply with the law they can not prosecute appellant for a violation of the ordinance. Therefore the judgment of the circuit court is reversed.

Reversed.