George B. Swift, Mayor of the City of Chicago v. People of the State of Illinois ex rel. John Powers et al.

$\dfrac{63}{101}$ $\dfrac{453}{{}^{1}227}$

1. Mandamus—*Issue of, Discretionary.*—Although a *prima facie* right to a mandamus is shown, courts exercise a discretion as to issuing it. Such discretion, however, can not be arbitrary, or governed by

fancy, caprice or prejudice.   It must be a sound discretion, guided by law, legal and regular.

2.   SAME—*Saloons in Residence Localities.*—The courts will not compel, by a writ of mandamus, the mayor of Chicago to issue a license to keep a saloon in a locality where a saloon would be a nuisance.

3.   SALOON—*Right to Keep, Not Absolute.*—The right to keep saloons in any and all quarters of a city, in each block and beside any home, is not an absolute right.

**Mandamus**, to compel the issuing of a saloon license.   Error to the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding.   Heard in this court at the March term, 1896.   Reversed.   Opinion filed April 13, 1896.

### STATEMENT OF THE CASE.

The relators, desiring to keep a saloon at 3300 Wabash avenue, Chicago, applied to the respondent for a license. The respondent refused to grant them a license for reasons hereinafter stated, whereupon they filed a petition for a writ of mandamus, in which they set out the ordinances of the city on the subject.

Among other provisions in said ordinances, it is provided in section 1850:

" The mayor of the city of Chicago shall from time to time grant licenses for the keeping of dram shops within the city of Chicago, to any person who shall apply to him in writing, upon said person furnishing sufficient evidence to satisfy him that he or she is a person of good character," etc.

The petitioners allege that they are persons of good character; that they filed the necessary bond, tendered license fees, etc., and fully performed all that the ordinance required of them in that behalf.

The respondent filed an answer in which, among other things, he said:

" This respondent, further answering, admits that he did refuse to issue a license to said petitioners; that the reason for such refusal was and is that it is not anywhere in and by said ordinance, or by any ordinance or ordinances of the city of Chicago, provided that the applicant for a saloon

license shall or may designate the place to be named in such license, but that said ordinances provide that this respondent shall issue all licenses, and that any license so issued shall authorize the person or persons therein named to keep a dram shop, to sell, give away or barter intoxicating liquors in quantities less than one gallon at the place designated in the license.

"This respondent says that he has been at all times willing, and now is willing, and hereby offers, upon payment of the license fee being made by said petitioners, to issue a license to such petitioners to keep a dram shop or saloon at any place, or upon any such premises within the city of Chicago as said petitioners may select or designate, and which shall not be subject to the objections hereinafter in the next paragraph of this answer mentioned and set forth; but this respondent has refused and is unwilling to issue a license designating the location of the place in which such business shall be conducted, at 3300 Wabash avenue, in the city of Chicago.

"This respondent, further answering, says that the reason why he has refused to issue a license to said petitioners to conduct a business at the aforesaid 3300 Wabash avenue is that said premises so desired to be devoted to saloon purposes are within a purely residence neighborhood, and that a saloon in such district would be a nuisance.

"This respondent further answering says, as showing the character of said neighborhood, that said number 3300 Wabash avenue, is situated at the southwest corner of Wabash avenue and 33rd street; that Wabash avenue is a street running north and south in said city; that on the west side of Wabash avenue within two blocks immediately north of said 33rd street there are thirty-eight residences, and no business houses of any sort; that on the east side of said Wabash avenue in the two blocks immediately north of 33rd street there are forty-eight residences and no business houses of any kind or character; that on the east side of Wabash avenue in the two blocks immediately south of 33rd street there are twenty-nine residences and no business

houses of any kind or character; that on the west side of
Wabash avenue in the two blocks immediately south of
33rd street, there are thirty-three or more residences, and
no business houses of any kind or character, except two
stores about two blocks distant from said No. 3300, and
situated at the northwest corner of said Wabash avenue
and 35th street; that all of said residences above named are
very expensive and costly buildings constructed of brick
and stone; that property within such four blocks is worth
from three to four hundred dollars per front foot, and the
location of a saloon at the point designated as 3300 Wabash
avenue will greatly depreciate the value of real estate for
residence purposes in the vicinity of said proposed saloon,
and will greatly decrease the attractiveness of said neigh-
borhood for residence purposes.

"And the respondent says that for these reasons he has
considered, and does hereby consider it his duty to refuse
said license to said petitioners to keep a saloon at said
number."

The relators demurred to the answer, which demurrer
was sustained; the respondent stood by his answer.

Whereupon the court ordered a writ in accordance with
the prayer of the bill.

WM. G. BEALE, corporation counsel, and GEORGE A.
DUPUY, assistant corporation counsel, attorneys for plaintiff
in error.

The relator must show a clear right to the writ of man-
damus before the same will be granted by the court.   People
ex rel. Richberg v. Trustees of Schools, 86 Ill. 613; People
v. Village of Crotty, 93 Ill. 186; County of St. Clair v.
People, 85 Ill. 196; People v. Lieb, 85 Ill. 484; Foos v. High-
way Commissioners, 88 Ill. 142.

The granting of the writ of mandamus is within the sound
discretion of the court, and will never be granted to aid a
party to violate the law.

It clearly appears that the establishment of the proposed
saloon at the location in question would constitute a
nuisance.

Swift v. The People.

A nuisance is anything which worketh hurt, inconvenience or damage to another; as, if one does an act, in itself lawful, which, being done in a particular place, necessarily tends to the damage of another's property, it is a nuisance. Coker v. Birge, 9 Ga. 425; Norcross v. Thoms, 51 Me. 503, cited in note 1, p. 924, Vol. 16, Am. & Eng. Enc. of Law.

Anything constructed on a person's premises which, of itself or by its intended use, directly injures a neighbor in the proper use and enjoyment of his property is a nuisance. Grady v. Wolsner, 46 Ala. 381; Stone v. Bumpus, 40 Cal. 428; Hackney v. State, 8 Ind. 494; Knox v. Meyer, etc., 55 Barb. (N. Y.) 404.

Any offensive erection which, from its nature, may be an annoyance, and from its situation actually becomes so, is a nuisance. Taylor's Landlord & Tenant (5th Ed.), Sec. 201.

A blacksmith's shop may be a public nuisance in certain localities in a city, but not on a side street. Foucher v. Grass, 60 Iowa 505; Whitney v. Bartholomew, 21 Conn. 213; Ray v. Lynes, 10 Ala. 63.

The courts will always consider the convenience of the place in determining whether the act or use of property be a public nuisance. Tipping v. St. Helen Smelting Co., 4 B. & S. 608.

It has been held that a livery stable in a city is not a nuisance *per se*, but if near dwellings it may become one. Coker v. Birge, 10 Ga. 336; Kirkman v. Handy, 11 Humph. (Tenn.) 406; Shivery v. Streeper, 24 Fla. 103; Rounsaville v. Kohlheim, 68 Ga. 336.

F. A. Bingham, attorney for defendant in error.

The writ of mandamus will issue when the party is entitled to a specific thing and has no other specific remedy by which it may be secured. People v. Hilliard, 29 Ill. 413.

The writ lies in all cases where it affords a proper and sufficient remedy for the enforcement of a legal right or an obvious duty, the performance of which involves the exercise of no discretion. Ohio and Miss. Ry. Co. v. People, 121 Ill. 483.

Mandamus will issue to compel the doing of a merely ministerial act in the doing of which there is no discretion. People v. Fletcher, 2 Scam. 482; Will County Supervisors v. People, 110 Ill. 511.

A mandamus will issue in a proper case to compel the issue of a license to keep a dram shop. Zanone v. Mound City, 11 Ill. App. 334; 103 Ill. 552; Kadighn v. Bloomington, 58 Ill. 229.

The city can not by an ordinance prohibiting the sale of intoxicating liquors without a license, make the issuing of a license discretionary with certain officers; the power can not be so delegated. East St. Louis v. Wehrung, 50 Ill. 28.

The ordinance must establish a general rule of which any one may avail on coming within its terms. It must either prohibit or license. E. St. Louis v. Wehrung, 50 Ill. 28.

Where the licensing of dram shops is provided for by general ordinance, any proper person is entitled to a license upon compliance with the ordinance and the general law. Zanone v. Mound City, 11 Ill. App. 334; 103 Ill. 552; Chicago v. Rumpff, 45 Ill. 90; East St. Louis v. Wider, 46 Ill. 351; Same v. Wehrung, 46 Ill. 392.

The municipal authorities have no power to make any arbitrary discrimination between one proper person and another; the business being recognized by law as legitimate, a license to prosecute must be considered upon the footing of other licenses. Zanone v. Mound City, 103 Ill. 552.

A public nuisance is an offense against the public by doing that which is injurious to all the people generally, or by omitting to do that which the common good requires. Earp v. Lee, 71 Ill. 193.

An act which the law allows is not a nuisance if done in a proper manner, though damages may be recovered therefor as in certain cases of permanent injury. Lonfelt v. McGrath, 33 Ill. App. 158; City of Chicago and Eastern Ill. Ry. v. Loeb, 118 Ill. 203.

It is essential to a common nuisance in the keeping of a dram shop that the keeper, or his agent to keep it, intend there to make unlawful sales of intoxicating liquors in violation of law. Nicholson v. People, 29 Ill. App. 57.

Mr. Justice Waterman delivered the opinion of the Court.

It is urged, by counsel for the relators, that as the keeping of a saloon is recognized by the law as a legitimate occupation, and the method to be pursued by those desiring to obtain a license to sell liquors is definitely pointed out, when one asking for a license has complied with the law, the authorities have no discretion to refuse because the place where the saloon is to be, is one in which the mayor is of the opinion such a store ought not to be kept.

It is urged that the mayor can not, in his discretion, deprive one neighborhood, or any citizen resident therein, of the right to there have or keep a saloon, while as to other territory he grants all licenses applied for; that the rule and regulation of the public authorities in this regard, must be open, public and alike for all districts, and such as any citizen of good character and sufficient means may comply with.

In support of this proposition, the following citations are made : East St. Louis v. Wehrung, 50 Ill. 28; Zanone v. Mound City, 11 Ill. App. 334; 103 Ill. 552; Chicago v. Rumpff, 45 Ill. 90; East St. Louis v. Wider, 46 Ill. 351.

Most of the foregoing contentions of the relators might be conceded, and yet it not follow that in this cause a writ of mandamus would be issued.

It is seldom that an action can be decided by the consideration of but one principle of law; especially is such the case with regard to the awarding of writs of mandamus.

Although a *prima facie* right to a writ of mandamus be shown, courts still exercise a discretion as to issuing the writ.

Such discretion can not be arbitrary—governed by fancy, caprice or prejudice; it must be a sound discretion, guided by law, legal and regular. The People ex rel. v. Weber, 86 Ill. 283; State v. Anderson County Com'rs, 28 Kans. 67; Alger v. Seaver, 138 Mass. 331; People v. Chapin, 104 N. Y. 96; Proprietors St. Luke's Church v. Slack, 7 Cush. 226; Merrill on Mandamus, Sec. 62.

Tested by these rules, we are to inquire whether we will, by mandamus, compel the mayor to issue a license for a saloon at 3300 Wabash avenue.

Courts can not assume to be more ignorant than the average of the community in which they exercise judicial functions. As individuals, and as judges, we know that many things, legitimate, proper and useful, even indispensable, are nevertheless, at certain places, nuisances.

Blacksmith shops, tanneries, soap factories, even large public schools, are, in a great city at certain places, regarded as nuisances, tending not only to depreciate the value of immediately surrounding property, but destroying the peace and quiet which men seek for and demand at home.

In a great city the useful tendency is to division into districts characterized by marked distinctions as to what is there done.

There are in Chicago large neighborhoods in which no one now thinks of erecting a mere dwelling house, and in which the property owners would unanimously resist an attempt to introduce that peace and quiet which reigns in other quarters.

In a growing city neighborhoods change, and what at one period would be a nuisance, may in time become almost a necessity.

Whether a thing is or is not, at a particular place, a nuisance, is ordinarily a question of fact, and largely a matter of opinion.

That in such a residence neighborhood as 3300 Wabash avenue is described in the answer to be, a saloon is commonly regarded as a nuisance, is a fact of which we are not ignorant. We are therefore confronted with the question of whether we will, by writ of mandamus, compel the public authorities to allow the establishment of a nuisance.

We are asked to establish the principle that the right to keep saloons in any and all quarters of the city, in each block and beside any home, is absolute.

We are not prepared so to do.

The discretion which, in this regard, courts exercise, is

not arbitrary, controlled by caprice or prejudice; it is based upon the law, is regular and uniform in its operation.

In its effect it is, that a court should not, by mandamus, compel the public officials to issue a license for the keeping of a saloon in a residence neighborhood, where a saloon will be a nuisance.

The order of the Superior Court is reversed.