## OTTO KADGIHN

*v.*

## THE CITY OF BLOOMINGTON.

SPIRITUOUS LIQUORS—*sale without a license.* Under the general laws of the State, no person has the right to sell spirituous liquors without a license; and when a city has the entire control of the regulation of the sale of liquors, and refuses to grant such license, whether rightfully or wrongfully, it does not justify such applicant in a sale without a license. Nor does it matter that the applicant did all things necessary to entitle him to a license. If the city officers neglect or refuse to perform their duty in granting a license, it may be the applicant might compel its performance by mandamus.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

Messrs. WILLIAMS & BURR, for the appellant.

Mr. WALTER M. HATCH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action instituted by the city against appellant, before a police magistrate, to recover a penalty for selling spirituous liquors without a license. It appears that appellant, on the 22d day of April, 1869, went to the city treasurer with a written application for a license, in conformity with the city ordinance, and $300 in money, and tendered both the application and money to the treasurer, and demanded a receipt entitling him to a license for one year, but the treasurer refused

to give him the same, because the common council had adopted this resolution before the application was made for the license: "That the city treasurer and city clerk be, and are hereby, instructed to issue no license to any saloon keeper for a longer period than one month, until after the 1st day of June next;" which he contended was valid and binding, while appellant contended that it did not repeal the ordinance regulating the manner in which licenses should be granted.

Appellant, on the 1st of June following, renewed his application for a license for one year, and made a like tender, and demanded a receipt entitling him to such a license; but the treasurer refused to receive the money and give such a receipt, but offered to receive $50 and to give him a receipt that would entitle appellant to a license for one month, but he declined to receive such a receipt. The treasurer based his refusal on an ordinance adopted by the common council on the 21st day of May, 1869, the first section of which is this: "That hereafter no license shall be issued to any persons for the sale of spirituous, vinous, mixed, malt, or fermented liquors, within the limits of this city, for a period longer than one month at a time." Appellant thereupon applied to the city clerk, offered him the $300 and a bond with security, conditioned as required by the ordinance, and demanded a license for one year, which was refused. It appears that appellant had a license the previous year, which expired on the last day of May or first day of June, and that appellant sold liquor on the 3rd day of June, 1869. On this state of facts, the court below, to whom this case was submitted by consent, without the intervention of a jury, found for the city, and rendered a judgment against appellant for fifty dollars and costs; and he appeals to this court and asks a reversal.

It is urged that appellant did all things required by the ordinance in force on the 22d of April, to entitle him to a license, and having done so he had a legal right to sell liquors notwithstanding the city authorities refused to grant it to him. Under the general laws of the State no person has the legal

right to sell spirituous liquors without a license, and by doing so a fine is incurred that may be collected by indictment or suit. And the charter of the city gives the common council entire control over the sale of such liquors within the corporate limits. They have the power to suppress it or to regulate its sale in such manner as they may choose. And that body had, previous to the application by appellant, prohibited its sale without a license, under a penalty to be recovered by the city. And it is admitted that appellant did sell without having a license, and is manifestly within the letter of the law, and must be liable unless excused by his acts

In the *Commonwealth* v. *Blackstone*, 24 Pick. 352, which was a case where the county commissioners were required to grant a license under the statute, but who refused, and the applicant proceeded to sell liquor without a license and was subsequently prosecuted therefor, the court held he was liable; that, notwithstanding he had performed all acts required of him and the commissioners had failed in their duty, he was not justified in selling without a license. And the court say, "When an act can only be lawfully done by one qualified in a certain manner, it will not make the act of an unqualified person lawful, that those whose duty it was to confer the qualification, have, through mistake or otherwise, refused to confer the qualification." So in this case, appellant could not legally perform the act without a license, and not having a license he became liable to the penalty by making the sale. And it does not matter whether the license was properly or improperly refused. Until he obtained a license the law forbid him from selling liquor.

If the ordinance of the city was not suspended by the resolution of the 21st of April, and the ordinance of June the 1st did not take effect, and appellant complied with all the requirements of the ordinances on that subject, and the city treasurer and clerk neglected their duty in refusing to grant the license, then appellant may have had the right to compel those officers by mandamus to perform the duty. But their neglect of duty, even if there was a neglect, conferred no

power on him to disregard the ordinances of the city. They did not thereby become abrogated, suspended, or in anywise impaired. We perceive no error in this record, and the judgment of the court below is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT having decided this case in the court below, took no part in this decision.