### J. H. Brown v. The State.

#### No. 3018.    Decided May 20, 1914.

**Illegal Plumbing—City Charter and Ordinance—Insufficiency of the Evidence.**

Where, upon trial of unlawfully engaging in and working at and conducting the business of plumbing without license under Article 131, Penal Code, the evidence showed that the special charter of the city in which defendant was prosecuted made no provision for a board of health, city physician, city health officer, city engineer, or city inspector of plumbing, and it did not appear from the statement of facts that said city had such officers or board of health, or that it had underground sewers and cesspools, the evidence was insufficient to sustain the conviction; and it is not necessary to pass upon the question as to whether said statute is mandatory or not and applies to said city.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of unlawfully engaging in plumbing, etc., without license; penalty, a fine of $50.

The opinion states the case.

*Muse & Barrett,* for appellant.

C. E. Lane, Assistant Attorney General, and *John Pope,* for the State.—Cited Caven et al. v. Coleman, 100 Texas, 467.

PRENDERGAST, Presiding Judge.—Appellant was prosecuted for unlawfully engaging in, working at and conducting the business of plumbing without license. He was convicted and fined $50.

The statute under which he was prosecuted is a part of the Act of 1897, p. 236, and taken from that Act, is article 131, Penal Code, as

follows: "Any person, whether as master plumber, employing, or jour-
neyman plumber, engaged in, working at, or conducting the business of
plumbing without license, as provided by law, shall be guilty of a mis-
demeanor, and, on conviction thereof, shall pay a fine of not less than
twenty nor more than two hundred and fifty dollars." Afterwards sec-
tion 1 of said Act was amended by the Act of March 20, 1909, p. 162.
This section was recast in the Revised Civil Statutes of 1911, and is now
embraced in articles 986 to 990 of our Revised Civil Statutes.

Said article 986, provides that every city in this State, whether or-
ganized under the general laws of the State or by special Act of the
Legislature, *having underground sewers or cesspools,* shall pass ordi-
nances regulating the tapping thereof and house draining and plumbing.
The next article requires such cities to "create a board for the examina-
tion of plumbers, to be known as the Examining and Supervising Board
of Plumbers to provide for an inspection of plumbing." Article 988
provides that said board shall consist of five persons: (1) a member
of the local board of health, if there be such board of health, and if
there be no such board of health, then the city physician, or city health
officer; (2) the city engineer; (3) the city inspector of plumbing; (4)
a master plumber of not less than ten years active and continuous ex-
perience as a plumber; and, (5) one journeyman plumber of not less
than five years active and continuous experience.

The city of Dallas was granted a special charter in 1907. We have
carefully examined that Act and have been unable to find therefrom
that said city has a board of health, or a city physician, or city health
officer, or a city engineer, or a city inspector of plumbing. From the
statement of facts in this case, we can not find that the said city has
either of said offices or officers or a board of health. Neither does the
statement of facts show that said city has underground sewers or cess-
pools.

The facts shown by the statement of facts are uncontroverted. It is
shown that appellant was engaged in the plumbing business in the city
of Dallas on June 13, 1913, the time the offense is alleged; that in effect
he and all such plumbers, in order to engage in that business, had to
execute to the city a bond and when they did this, they got two permits,—
one from the city waterworks office, and the other from the city engineer-
ing department, to engage in said business. And, it seems, that based
on these they got a license from the city tax collector to engage in said
business; that appellant had made this bond, gotten these permits and
this license and had them at the time he was prosecuted for the offense
herein charged; that before this alleged offense appellant had conferred
with the city authorities to find out whether there was any board of ex-
aminers before whom he had to stand an examination and get a license,
and that the mayor and commissioners had refused to appoint any such
board and that, so far as he could find out, no such examination was re-
quired.

Several interesting questions are raised by appellant's attorneys and

the prosecution in this case. Among them, appellant contends that the articles of said Revised Statutes, above noted, requiring said city to appoint said board, is not mandatory and that they do not apply to the city of Dallas, because of its special charter; but that, if so, appellant having done all he could to procure a license, and the constituted authorities failing and refusing to appoint, and having no board for the purpose, he can not be prosecuted and convicted for having pursued his said business without a license from such a board. And that the facts do not show that the city of Dallas has underground sewers, or cesspools. Therefore the said statutes do not apply to said city even if mandatory.

We deem it unnecessary to pass upon any other question raised, except the sufficiency of the evidence to sustain the conviction, assuming, without passing on the questions, that said law applies to Dallas and is mandatory. We are clearly of the opinion that it is insufficient to sustain the conviction. The evidence does not show that the city of Dallas has underground sewers or cesspools; it does not show that the city has any such officers as could constitute such examining board, and that, as a matter of fact, it has no such examining board, and has never provided for one, and refuses to do so. Therefore, the judgment is reversed and the cause remanded. Caven v. Coleman, 100 Texas, 467; Robinson v. City of Galveston, 51 Texas Civ. App., 292, 111 S. W. Rep., 1076.

*Reversed and remanded.*