## BAIRD v. FESLER.
### No. 10934.

Court of Civil Appeals of Texas. Galveston.
Feb. 8, 1940.

Rehearing Denied March 7, 1940.

E. R. Berry, of Huntsville, for appellant.

Charles M. Burdeaux, of Galena Park, for appellee.

CODY, Justice.

Appellee, who was plaintiff below, brought suit in the county court of Walker County to recover on a contract to repair and install fixtures in a certain residence in Huntsville, Texas.

The allegations of appellee were, in substance, that he entered into an oral contract with appellant to repair, and install new parts and fixtures in a house belonging to appellant in Huntsville. That it was at first agreed between the parties that the total amount to be paid for such repairs, etc., was to be about $450, but it was afterwards discovered that additional parts and fixtures were wanted and that more labor would be required than originally contemplated and it was agreed: "That the following items of fixtures would be installed and necessary to complete and fulfill the contract, and necessary to overhaul and properly equip said residence as contemplated by the original contract and by the new and subsequent modification said parts and fixtures with the reasonable, proper and customary price thereof in Huntsville, Walker County, Texas, at said time, together with the reasonable cost of labor required to install same, being as follows:" (Here follows an itemized list of parts, fixtures, and hours of labor, with the value indicated opposite each listed item.) Performance of

the contract by appellee was alleged, as well as the reasonableness of the charges. It was further alleged that appellant had paid on account $393.47, and that there was due an unpaid balance of $334.20.

The list or account of the parts, fixtures and hours of labor, and the value, was not verified.

Appellant answered by general demurrer, general denial and sued to recover damages for the manner in which appellee had done the work, etc.

Upon answers of the jury to special issues, the court rendered judgment in favor of appellee and against appellant for $331.70.

■ . The evidence, which the court permitted to be introduced over appellant's objection, of changes and alterations made in the installment of parts and fixtures and of the labor done in connection therewith, was doubtless admitted by the court on the theory that said evidence was in support of the itemized list sued on by appellee. Appellant's assignment of error that there were no pleadings to justify the admission of such evidence is overruled.

■ We are unable to see that the special issues submitted are without support in the pleading. By special exception appellant could have required appellee to have specified the details of how and for what the 165 hours of mechanic help, and the 145 hours help were employed. But appellee having pled these hours of labor as items used to make the repairs, under the contract, we fail to see why he cannot be permitted to prove same merely because he did not specify in his pleadings how the various hours were employed.

■ The objection to the submission of special issues relative to the reasonableness of the charges for the various items of material furnished and labor performed on the ground that these items and their value were insufficiently established by evidence because not taken up and proved item by item, does not seem to us tenable. We see no reason why a witness who knows the contents of a list of items and the repective values of such items may not testify thereto, without taking them up item by item. If the adverse party desires he may cross-examine the witness.

■ Appellant vigorously contends that in order for a plumber to be entitled to recover on a plumbing contract that he must plead and prove that he has a license to practice that trade. It would seem that none of the plumbers in Huntsville hold licenses. At least none that testified in this case held a license. It would seem that in order for it to be illegal to conduct a plumbing business without a license in a town, such town must either have underground sewers or cesspools, or maintain a plumbing examiners' board. Brown v. State, 74 Tex.Cr.R. 108, 167 S.W. 348. In the absence of proof that appellee was carrying on his business illegally, it will be presumed that he was conducting it lawfully. This presumption is the stronger, in that the plumber testifying for appellant, who also lived in Huntsville, testified that he had no license and that none was necessary in Huntsville.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.