W. B. MITCHELL ET AL V. E. B. DIXON ET AL.

No. 7999. Decided February 10, 1943.
Rehearing overruled March 10, 1943.
(168 S. W., 2d Series, 654.)

*H. C. Miller*, City Attorney, and *John D. Reese*, both of McKinney, for petitioners.

*Mort. W. Muse*, of McKinney, for respondent.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit for mandamus, brought in the district court of Collins County by E. B. Dixon, E. R. Dowlin and E. L. Vick-

ery, as plaintiffs, against W. B. Mitchell, Mayor, and the other members of the governing body of the City of McKinney, as defendants, to compel them to appoint the constituent members of a board for the examination of plumbers, in accordance with the requirements of Article 1078 of the Revised Statutes of 1925. The case was tried, and the trial court entered judgment granting the mandamus commanding the appointment of a board constituted of four persons. The Court of Civil Appeals affirmed the trial court's judgment. 161 S. W. (2d) 527. The petition of the defendant, W. B. Mitchell, et al, for the writ of error, has been granted and the case is now before us for review.

The material facts are substantially as follows:

McKinney is a home rule city of more than 5,000 inhabitants, and is duly organized and operating as such. The city has a system of underground sewers, but has no board for the examination of plumbers. It has a city health officer and a city inspector of plumbing, but has no city engineer. Each of several persons who reside in the city is a master plumber of not less than ten years active and continuous experience as a plumber, and each of several other residents of the city is a journeyman-plumber of not less than five years of such active and continuous experience. The defendants, the petitioners here, have for several years designedly failed to set up for operation a board for the examination of plumbers. Each of the plaintiffs (respondents here) is an inhabitant of said city, and is a plumber engaged in working at the plumbing business in the city. In August, 1937, a city ordinance was passed which, according to its terms, created a board for the examination of plumbers. In relation to the character of the constituents of the board, the language of the ordinance is essentially the same as that of Article 1078 of the Revised Statutes except that the term "city engineer" is omitted. This ordinance, soon after its passage, ceased to be observed. There is not now, and for several years has not been, a city board for the examination of plumbers.

Article 1076 of the Revised Statutes of 1925 provides: "Every city in this state, *however organized, having underground sewers* or cess-pools, shall pass ordinances regulating the tapping of said sewers and cess-pools, regulating house draining and plumbing." Article 1078 provides: *"Such cities* shall create a board for the examination of plumbers * * *.

522

The said board shall consist of the following five persons: A member of the local board of health, if there be such a board of health, and if not, then the city physician or the city health officer; *the city engineer; the city inspector of plumbing;* a plumber of not less than ten years active and continuous experience as a plumber, and one journeyman plumber of not less than five years of such active and continuous experience. * * *." Article 1077 provides: *"In any such city* where there is no city inspector of plumbing provided for by special charter, the governing body shall elect such inspector of plumbing, who shall hold office for such time as fixed by such board. *Such inspector of plumbing may be the city engineer, if the board sees fit to elect him."* (All italics ours).

It is contended that inasmuch as the City of McKinney has no city engineer, the provisions of Article 1078 have no application to said city. In support of this contention the case of Caven v. Coleman, 100 Texas 467, 101 S. W. 199 is cited. It is true that in that case, the statute of which ¡Article 1078 is the successor, was held to be inapplicable to a city having no city engineer. But at that time there was no statute containing the provisions now contained in Article 1077. Obviously the language of the concluding clause of this article is ambiguous, but we are convinced that the clause was meant to supply any city which has no city engineer, with authority to satisfy the requirement contained in Article 1078, regarding such officer, by utilizing the city inspector of plumbing for the purpose. Thus interpreted, the clause brings said provision of Article 1078 into harmony with every other article bearing on the subject,—and supplies a remedy for statutory deficiencies pointed out in Caven v. Coleman.

■ Notwithstanding all that is said above, Dixon, Dowlin and Vickers are not entitled to the mandmus they seek. No private right of theirs is affected by the fact that the city has no board for the examination of plumbers. The nonexistence of such board is a matter which concerns the general public alone, and the general public alone has a justiciable interest in respect to it. In a suitation of this sort, the writ of mandamus is not available to any citizen in his individual capacity. Yett v. Cook, 115 Texas 205—local citation 220, 281 S. W. 837. It is quite true that Article 122 of the Penal Code makes it an offense, punishable by fine, for a plumber who, "without a license provided by law," engages in the business of plumbing. How-

ever, it is the law that a conviction under this statute cannot be had in a case where, as here, the facilities prescribed by law for the issuance of the license remain unavailable. Brown v. State, 74 Texas Crim. Rep. 108, 167 S. W. 348. Therefore, Dixon, Dowlin and Vickery can not be heard to say that the law does not afford them adequate protection against prosecutions under said statute.

The judgment of the trial court and that of the Court of Civil Appeals are reversed, and judgment is here rendered refusing the mandamus, as the trial court ought to have done.

Opinion adopted by the Supreme Court February 10, 1943.

Rehearing overruled March 10, 1943.