(No. 41505.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* NICHOLAS KOUSHIAFES, Appellant.

*Opinion filed May 28, 1969.*

PETER M. SOBLE, of Rock Island, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and RICHARD STENGEL, State's Attorney, of Rock Island, (JOHN DONALD O'SHEA, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Nicholas Koushiafes was tried on a complaint charging him with failure to comply with an order of the State Fire Marshal entered pursuant to sections 9 through 9e of an Act in relation to the investigation and prevention of fire (Ill. Rev. Stat. 1967, ch. 127½, pars. 9 through 14), and requiring certain physical changes in a Rock Island motel. A jury found him guilty, and he was admitted to probation for a period of two years with a $1000 fine imposed as a condition of probation. The probation order also commanded him to make numerous alterations in the property including those previously ordered.

Defendant was the manager of the Southwind Motel which included a motel, restaurant and cocktail lounge. On September 19, 1967, a deputy State Fire Marshal and the Rock Island City Fire Marshal inspected the cocktail lounge

and kitchen. On the basis of their findings the State Fire Marshal's office prepared and attempted to serve upon the defendant by mail a copy of an order to repair, but the letter was returned.

The defendant was then personally served with a copy of the order on November 7. The body of the order read as follows:

"An inspection of the above premises by Deputy Fire Marshal Eric Eagelston on September 19, 1967, as authorized under the State Fire Marshal Act, as amended and in force, shows that the following corrections shall be made:

1. Seating capacity shall not exceed 52 persons to comply with Class VI building, Chapter 2, page 36 of Illinois Rules and Regulations for Fire Prevention and Safety.

2. All exit doors shall be equipped with panic bars and no other type locking device shall be permitted.

3. Storage on the basement stairway shall be removed.

4. Grease-coated hood, ducts and filters on kitchen range shall be cleaned.

5. Kitchen doors to the interior shall be Class B labeled or solid wood core at least $1\frac{3}{4}$ inch thick. Viewing panel shall be of clear wired glass; door shall open into the kitchen and be made self-closing.

The above recommendations shall be given immediate attention. Please notify the office of the State Fire Marshal (Phone 525-7381) when this building is in compliance. A reinspection will be made.

Appeal from this request may be made before the date of October 9, 1967. Direct such appeal to this office."

The applicable statutes as to review of that order provide as follows:

"The owner or other person interested in such building or premises, within ten days after receiving such notice, may appeal from orders of officers of cities, villages and towns, or from orders of deputies of the Department of Public Safety, to the Department of Public Safety. The department shall thereupon make an investigation and shall either sustain or revoke the order. If the order is sustained, or if no appeal is made to the department, it shall be the duty of the owner or occupant to comply with such order." Ill. Rev. Stat. 1967, ch. 127½, par. 10.

"Any person against whom an order to remove or remedy a dangerous condition or fire hazard has been entered or sustained by the Department of Public Safety may within 10 days thereafter appeal to the circuit court of the county in which the property affected by the order is located, for the purpose of having the reasonableness or lawfulness of the order inquired into and determined." Ill. Rev. Stat. 1967, ch. 127½, par. 11.

"If no appeal is taken from the order of the Department of Public Safety within the period fixed, the party against whom the order was entered, shall be deemed to have waived the right to have the reasonableness or lawfulness of the order reviewed by a court and there shall be no trial of that issue in any court in which suit may be instituted for the penalty for failure to comply with the order." Ill. Rev. Stat. 1967, ch. 127½, par. 13.

Defendant took no action to repair the premises nor did he pursue the administrative remedy provided by the quoted statutes enabling him to appeal to the Department of Public Safety and then to the circuit court.

On December 15, a re-inspection was made by the deputy State Fire Marshal and the Rock Island Fire Chief. They found that the seating capacity had not been reduced to 52; pre-existing locking devices had not been removed from the doors and panic hardware installed; grease remained on the hoods, ducts, and filters of the kitchen range; there still

was storage on the basement stairway and a fire resistant door had not been installed in the kitchen.

Both defendant and the janitor at the motel testified that the hoods, ducts and fans of the kitchen were cleaned twice weekly prior to November 25, 1967, and that the kitchen had not been in use since that time. The remainder of the defense testimony did not conflict with the inspectors' testimony as to conditions on December 15 but rather described conditions or repairs made after that date. Defendant also testified as to what in his opinion was the proper area to be considered as public floor space when computing the maximum seating capacity.

At the conference on jury instructions, which was held after defendant had given testimony which could only be characterized as a collateral attack on the validity of the repair order, defendant offered, as his jury instruction No. 6, the following: "You are instructed that the Defendant, Nicholas Koushiafes, has been charged with having seating capacity to exceed 52 persons in the whole premises at 4300 11th Street, Rock Island, Illinois. If you find the Defendant may lawfully seat more than 52 persons in the whole premises at 4300 11th Street, Rock Island, Illinois, then you must find the Defendant, Nicholas Koushiafes, not guilty." The trial court refused this instruction stating that defendant could not question the reasonableness of the order because he had failed to exhaust his opportunities for administrative review. We agree with that interpretation of the statute. Ill. Rev. Stat. 1967, ch. 127½, par. 13.

On appeal the principal contention of defendant is that to prohibit, in a criminal prosecution for violation of an administrative order, a collateral attack upon the "lawfulness" of that order contravenes section 1 of article VI of the Illinois constitution, which vests the judicial power in the courts, and section 19 of article II, which states that every person ought to find a remedy for all injuries and wrongs he receives. Defendant urges that he has had no opportunity

to test the "lawfulness" of the order in question before a court, apparently ignoring the statutory provisions of sections 9a and 9b which afforded him precisely that opportunity had he chosen to use it.

We have upheld legislation which proscribed collateral attack upon an administrative finding, when the attack was in subsequent civil litigation, as not constituting an invasion of the power of the judiciary (*e.g. Toplis and Harding, Inc.* v. *Murphy,* 384 Ill. 463, 472) so long as the administrative decision was subject to adequate judicial review. (See *People ex rel. Gamber* v. *Sholem,* 294 Ill. 204.) Likewise, a form of review similar to that here available has been held a sufficient remedy, thus barring collateral attack in subsequent civil litigation involving the Public Utilities Act (*Village of Waynesville* v. *Pennsylvania Railroad Co.,* 354 Ill. 318, 321; *Chicago, North Shore and Milwaukee Railroad Co.* v. *City of Chicago,* 331 Ill. 360, 379), the Mental Health Code (*Department of Public Welfare* v. *Haas,* 15 Ill.2d 204, 216-18), and the Retailers' Occupation Tax Act. (*Department of Finance* v. *Kilbane,* 381 Ill. 117, 119.) And, even in instances where no method of direct review of administrative action was available, this court has held those adversely affected must directly attack the propriety of such action by *mandamus* and cannot challenge its validity in subsequent enforcement proceedings even though the original action may have been wrongfully taken. *Kadgihn* v. *City of Bloomington,* 58 Ill. 229, 231; *City of East St. Louis* v. *Wider,* 46 Ill. 351, 354; but, see *People ex rel. Gamber* v. *Sholem,* 294 Ill. 204.

These cases appear to be controlling unless the fact that the collateral attack here is attempted as a defense in criminal litigation necessitates a different result. However, we need not consider this question, for even if collateral attack upon administrative orders should be available as a defense in criminal prosecutions, the attack attempted here would not be a defense to the charge in the complaint.

Defendant was charged with failure to comply with the order for repair. As set out above, the order specified five violations which were to be corrected. Defendant's refused instruction No. 6 dealt only with the State Fire Marshal's finding that a seating capacity in excess of 52 was a violation of the Rules and Regulations for Fire Prevention and Safety. Even if collateral attack were permitted, and if defendant was successful in challenging the order as to seating capacity, he would still be guilty of the charge of failure to comply with the order if any of the remaining 4 violations was uncorrected. The evidence in the record clearly shows that defendant failed to make corrections numbered 1, 2, 3 and 5. As noted above, there was conflicting testimony as to whether the grease had been cleaned from the hood, ducts and filters of the kitchen range. We also note that 5 special interrogatories were submitted to the jury and were returned with findings that defendant had failed to make each of the corrections indicated in the order and that each violation continued to at least December 15, 1967.

Defendant claimed that the statute was unconstitutional because it required the trial court to refuse his jury instruction No. 6. The instruction was properly refused because it was an incorrect statement of the law without reference to sections 9a through 9d. It was incorrect because it failed to reflect that the order commanded the correction of 5 violations; the fact that one of those commands may have been invalid does not prevent a conviction for failure to comply with the remaining 4.

The judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*