THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EARL LeMENAGER, Defendant-Appellant.

(No. 69-128; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Third District—January 7, 1971.

Adamowski, Newey & Riley, of Chicago, for appellant.

Louis R. Bertani, State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant was convicted after trial by the court without a jury of operating a trailer court without a license as required by statute (Ch. 111½, Par. 166, Ill. Rev. Stat. 1967). The period of violation charged was April 30, 1968, to May 15, 1969. Defendant was fined $10.00 per day for 380 days, a total of $3,800.00. Defendant made application for a trailer court license but the same had been denied by the Department of Public Health of the State of Illinois.

On appeal defendant relies on two contentions, (1) the trial court erred in finding the defendant guilty of operating a trailer court without a license without requiring the State to prove the existence of rules regulating trailer courts and without proof that the conduct of the defendant was in violation of such regulations, and (2) that the trial court erred in assessing a fine in excess of fifteen times the annual license fee.

The substance of defendant's first contention is whether he should be permitted in these proceedings to collaterally attack the decision of the Department of Public Health refusing to issue such license. The contention is without merit. The applicable statute provides as follows:

"Except as provided in Section 2.1, no person, firm or corporation shall establish, maintain, conduct or operate a trailer coach park after April 30, 1954, without first obtaining a license therefor from the department. Such license shall expire at midnight on April 30 of each year and the license shall be renewed from year to year upon payment of the annual license fee herein provided." Ill. Rev. Stat. 1967, ch. 111½, par. 166.

■■ It was not encumbent upon the People to prove violations of rules or regulations which may have been adopted by the Department of Public Health. It is only necessary to prove the defendant was in violation of the statute requiring a license. (*Kadghin v. City of Bloomington*, 58 Ill. 229, 231.) This is the conduct proved by the State.

■■ Defendant cites numerous authorities regarding burden of proof in criminal cases. While such authorities correctly state the law they are of no help to the defendant. The People were required to prove only that the statute was violated, i.e., defendant had no license to operate a trailer park court. (*Kadghin v. City of Bloomington, supra.*) "And it does not matter whether the license was properly or improperly refused." The question of the propriety of the denial of the license is a matter for administrative review. (*People v. Kouschiafes*, 42 Ill.2d 483, 248 N.E.2d 81.) There can be no question that the denial of the license was subject to administrative review. Ch. 111½, par. 182, 183, ch. 110, par. 264 *et seq.*, Ill. Rev. Stat. 1969.

It is defendant's further contention that even if the conviction should stand the trial court erred in assessing a fine in excess of fifteen times the annual license fee.

The applicable statute as to a review of the fine imposed provides as follows:

"Whoever violates any provision of this Act, shall, except as otherwise provided, be fined not more than $100.00 or imprisoned for a period not to exceed 90 days, or by both such fine and imprisonment. Each day's violation shall constitute a separate offense." Ill. Rev. Stat. 1967, Ch. 111½, Par. 178.

■■ A reviewing court is specifically empowered to reduce punishment by a trial court (Ill. Rev. Stat. 1969, Ch. 110A, Par. 615(b)(4)); however, it has been repeatedly held that the power is not to be used lightly and is not to be used because a reviewing court might have imposed a different sentence if it had been in the trial court's position. (*People v. Hudson*, 97 Ill.App.2d 362; 240 N.E.2d 156.) Defendant's fine was assessed at $10.00 a day, each day of operation without a license being considered a separate violation, resulting in a fine totalling $3,800.00. In view of the statutory provisions authorizing the assessment of a greater

fine, the fine assessed here does not appear harsh or excessive. The record of the trial court, however, discloses that the defendant and the Department of Public Health were engaged in negotiations over a period of time concerning recommendations of the Department. From all that appears had defendant followed the recommendations a license would have issued. Not until December 5, 1968, were negotiations brought to a close and the defendant advised to close down his court or suffer penalties imposed. The briefs and abstracts do not indicate that the People attempted to stop defendant's operation of the trailer court prior to that date and such operation during the period of April 30, 1968, to December 5, 1968, can at least be considered permissive. It is the opinion of this court, therefore, that the violation by the defendant should be computed from December 5, 1968, to May 15, 1969, for a total of 161 days. The fine imposed on the defendant should thereby be reduced to the sum of $1,610.00.

For the foregoing reasons the judgment of the Circuit Court of Will County is modified and as modified affirmed.

ALLOY, P. J., and STOUDER, J., concur.