293 A.2d 298.

STATE *vs.* ROGER J. ALIX.

JULY 12, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This is a complaint and warrant charging that the defendant, Roger J. Alix, "* * * [d]id operate or was in direct charge of a hoisting crane of five (5) or more horsepower without obtaining a license to do so as provided in chapter 28-26 of the General Laws, in violation of section 28-26-5 of the General Laws."   The defendant's plea in abatement was heard and denied on October 7, 1969, and after a trial without the intervention of a jury, the court found the defendant guilty.   From that judgment of guilty the defendant has prosecuted a bill of exceptions to this court.

At trial it was not disputed that defendant did on August 22, 1967, operate a crane as described in the complaint and warrant, and there was testimony that on that date defendant was not licensed to operate such a crane under state law.   The defendant filed a plea in abatement, alleging therein that the Director of Labor had failed to comply with the provisions of G. L. 1956 (1968 Reenactment) §28-26-1, wherein he is directed to establish a Board of Examiners of Hoisting Engineers, and that appropriate rules and regulations for the operation of such board of examiners as prescribed by §§28-26-4 and 28-26-8 have not been promulgated.

Based on the allegations of this plea, defendant contends that the state, in failing to establish an adequate licensing procedure as prescribed by law, is precluded from prosecuting him for operating such a crane without a license. The defendant attempted to introduce evidence which, according to his contention, would show that the established procedure was arbitrary.[1] This evidence was excluded by the trial justice at the hearing on the plea in abatement, and the sole basis for this appeal is the contention of defendant that the exclusion by the trial court of the aforementioned evidence constituted prejudicial error.

It is a generally-accepted rule of law that "* * * a wrongful refusal to license is not a bar to a prosecution for acting without a license." State v. Poulos, 97 N. H. 352, 354, 88 A.2d 860, 861 (1952); accord State v. Nagle, 148 Me. 197, 91 A.2d 397 (1952); Lipkin v. Duffy, 118 N.J.L. 84, 191 A. 288 (1937); Waller v. Birmingham, 37 Ala. App. 325, 67 So.2d 421 (1953).[2] The record in this case clearly indicates that a Board of Examiners of Hoisting Engineers has been established as required by law. Nothing in §28-26-1 would preclude the president of the hoisting engineers' union from serving as chairman of the board of examiners, and those rules required by statute have been filed with the Secretary of State.

---

[1]More specifically, the defendant offered to prove that his witness had applied for a license as a hoisting engineer and was denied. Thereafter, the witness was approached by the business agent of the hoisting engineers' union, whose president serves as chairman of the board of examiners. The witness would testify that he then joined the union and received a typewritten copy of examination questions. The witness then reapplied for a license and passed this second examination consisting of the typewritten questions he had received in advance. Transcript at 27-30.

[2]The appellant has not argued and we do not consider apposite the narrow line of cases to the contrary where the exercise of the right of free expression is at stake. Shuttlesworth v. Birmingham, 394 U. S. 147, 151 & n. 2, 89 S.Ct. 935, 938-39 & n. 2, 22 L.Ed.2d 162, 167-68 & n. 2 (1969).

This court is unable to subscribe to any policy so unsound as to allow any person who challenges the fairness of any licensing board member or the sufficiency of any regulations to continue to engage in the regulated activity without the proper license. The power to regulate specific activity is a function of the police power of the state and is designed to protect the health, safety, and welfare of the general population. *Continental Baking Co.* v. *Woodring*, 286 U. S. 352, 365-66, 52 S.Ct. 595, 599, 76 L.Ed. 1155, 1163 (1932). The arbitrary denial of a license and the resulting injustice to the applicant, if any, does not justify the creation of an important risk to the safety and welfare of many which would result from the wholesale disregard of our licensing procedures. The question of the propriety of the denial of a license is a matter for administrative review. *People* v. *LeMenager*, 265 N.E.2d 895, 896-97 (Ill. App. 1971). It is abundantly clear that judicial review of arbitrary administrative action is available under the law of this state[3] and that defendant was not compelled to operate a hoisting crane unlawfully by the absence of an adequate legal remedy.

This court is fully cognizant of defendant's argument that the arbitrary procedure employed by the board of examiners totally thwarted any meaningful process, making the machinery for issuing a license a nullity. It is defendant's contention that if this licensing machinery does not exist, no lawful means of obtaining a license is available to him, and the state is precluded from prosecuting for operating without the appropriate license. The defendant directs the court's attention to two Texas cases, *Mitchell* v. *Dixon*, 140 Tex. 520, 168 S.W.2d 654 (1943); *Brown* v.

---

[3]See G. L. 1956 (1969 Reenactment) §§42-35-15 and 42-35-16. In the alternative, the availability of the writ of certiorari, *Shiller* v. *Gemma*, 106 R. I. 163, 165, 256 A.2d 487, 488 (1969); *In re Little*, 103 R. I. 301, 307, 237 A.2d 325, 328 (1968).

*State,* 74 Tex. Crim. 108, 167 S.W. 348 (1914). Both of these cases arose under a statute requiring that plumbers be licensed by a board of examiners created by each municipality within the state.[4] In neither case was the appropriate board of examiners appointed by the municipality.

The defendant relies upon the language found in both cases that a conviction cannot be had upon a penal statute punishing a plumber who engages in his occupation without a license where "* * * *the facilities prescribed by law for the issuance of the license remain unavailable."* (emphasis ours) *Mitchell, supra* at 523, 168 S.W.2d at 656, citing *Brown, supra.* The defendant here contends that the present licensing procedure of the board of hoisting engineers is so arbitrary as to render the entire procedure a nullity, creating a situation analogous to that which existed under the two Texas cases upon which he relies.

The defendant's argument is not persuasive. First, defendant's offer of proof in no way contests the qualifications of the members of the board of examiners as prescribed by §28-26-1. Therefore, we must assume that the board is properly constituted. Nor does defendant's offer of proof rebut the established fact that the rules and regulations required under §§28-26-4 and 28-26-8 were formulated and filed with the Secretary of State on January 2,

---

[4]These cases arose in an unusual context. The Texas Legislature had provided under article 122 of its Penal Code that any plumber who engaged in that occupation without a license would be fined. Under Articles 1076-81 of the Civil Code, the Legislature directed that every municipality in the state "having underground sewers" should pass ordinances regulating house draining and plumbing and should create a board for the examination of plumbers. However, apparently some cities were exempted or failed to comply with the Legislature's mandate. Thus arose the inimical situation where no licensing procedure existed but a penalty for failing to obtain a license did exist. This problem was corrected in 1947 by the repeal of articles 1078-81 and the enactment of Tex. Civ. Stat. art. 6243-101 (1970), which creates a State Board of Plumbing Examiners.

1964.[5] A properly constituted board of examiners operating with published rules and regulations is not the situation contemplated by the Texas court in *Mitchell* or *Brown, supra.*

While the defendant's offer of proof, if not rebutted, would provide evidence of arbitrariness under the licensing procedures of the Board of Examiners of Hoisting Engineers, as we have noted above, an arbitrary denial of the license is a matter for administrative review. Such a denial does not and should not constitute a defense in the prosecution of any individual who has failed to comply with the provisions of the appropriate licensing statute. Therefore, we must conclude that the action of the trial justice in excluding that evidence which is before us on appeal did not constitute prejudicial error.

The exception of the defendant is overruled, and the judgment of guilty is affirmed.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Henry Gemma, Jr.,* Special Asst. Attorney General, for plaintiff.

*S. Everett Wilkins,* for defendant.

---

[5]An uncertified copy of the rules of the Hoisting Engineers Licensing Division and the rules and regulations for examining and licensing of hoisting engineers is part of the record in this case as defendant's Exhibit "A."