**David A. CLINGER, Trustee for the Clinger Trust, Plaintiff–Appellant,**

v.

**Dr. Denzel F. HARTSHORN and Huntsman Camp, Inc., d/b/a Rocky Mountain Safaris, a Colorado corporation, Defendants–Appellees.**

**No. 94CA1923.**

Colorado Court of Appeals, Div. III.

Jan. 25, 1996.

Berryhill, Cage & North, P.C., James R. Cage, Patricia A. Thatcher, Denver, for Plaintiff–Appellant.

Hoskin, Farina, Aldrich & Kampf, P.C., Gregory K. Hoskin, Matthew G. Weber, Grand Junction, for Defendants–Appellees.

Opinion by Judge RULAND.

Plaintiff, David A. Clinger, appeals from a trial court order denying his request for a preliminary injunction against defendants, Denzel F. Hartshorn and Huntsman Camp, Inc. We affirm.

Plaintiff and Hartshorn own neighboring ranches. Hartshorn uses a roadway across plaintiff's ranch. In 1987, Hartshorn obtained a special use permit from the U.S. Forest Service allowing him to conduct commercial hunting operations upon adjacent forest service land.

In 1989, plaintiff and Hartshorn signed a license agreement in which plaintiff granted Hartshorn a three-year license permitting the commercial hunters to use the roadway under certain conditions. The agreement provided that, if Hartshorn failed to comply with the requirements in the instrument, plaintiff was authorized to obtain a preliminary injunction upon the filing of a verified complaint and the posting of a bond.

After the license expired, Hartshorn continued to use the roadway for his commercial hunting operations. Approximately two years later, plaintiff filed a verified complaint seeking a preliminary injunction under both the terms of the license agreement and C.R.C.P. 65.

The trial court denied the request on the grounds that the license agreement could not authorize the issuance of an injunction in perpetuity and that plaintiff had failed to show, among other things, either a danger of irreparable injury or the lack of an adequate remedy at law.

## I

Plaintiff first contends that the trial court erred in failing to grant an injunction based upon the terms of the license agreement. We disagree.

The license agreement imposed a number of requirements upon Hartshorn in exercising the rights granted by the instrument. For example, Hartshorn was not permitted to increase the number of hunter days authorized by the 1989 version of his permit for use of the national forest. In addition, all users were required to park at a parking facility maintained by Hartshorn at a location specified by plaintiff.

Hartshorn also agreed to take all reasonable efforts to remove any litter. Finally, Hartshorn agreed to be "fully and strictly liable" to plaintiff for any damages sustained by plaintiff in connection with his use of the road. And, Hartshorn agreed to carry certain commercial liability insurance in connection with his hunting operation and to name plaintiff as an additional insured.

According to the agreement, any violation of these commitments by Hartshorn subjected the license to "immediate cancellation." And, as relevant here, the agreement concluded by stating that:

> should [Hartshorn] breach this Agreement [plaintiff] shall have suffered injury to his property rights not necessarily reparable at law. [Plaintiff] shall be entitled to injunctive relief *upon the filing of a verified complaint alleging breach of this Agreement* and the posting of a minimally required surety bond if one is required by applicable law. . . .

(emphasis supplied)

The power of the trial court to issue a preliminary injunction has been limited to cases in which certain essential facts must be established including the urgent need for this remedy. *See Rathke v. MacFarlane*, 648 P.2d 648 (Colo.1982).

Further, subject to exceptions not applicable here, efforts in a contract to limit or expand the power of a court to act within the scope of its jurisdiction are carefully scrutinized. *See Firemen's Insurance Co. v. Keating*, 753 F.Supp. 1146 (S.D.N.Y.1990) (Parties to a contract cannot, by including certain language in their agreement, create a right to injunctive relief where it would otherwise be inappropriate); *Cf. South Washington Associates v. Flanagan*, 859 P.2d 217 (Colo. App.1992) (Parties to arbitration agreement could not require by agreement that review of arbitrator's decision be conducted by the court of appeals).

As a result, for example, a liquidated damage amount agreed upon by the parties in a contract will not be enforced if such is

deemed to constitute a penalty that is unrelated to the damage actually suffered. *See Grooms v. Rice,* 163 Colo. 234, 429 P.2d 298 (1967). Also, a contract provision which purports to award a non-breaching party an asset valued at substantially more than any actual damage may represent an unenforceable penalty clause. *See Yerton v. Bowden,* 762 P.2d 786 (Colo.App.1988).

By similar reasoning, we conclude that an agreement which purports to mandate the issuance of a preliminary injunction for any breach of the instrument based only upon the filing of a verified complaint and a minimally required surety bond constitutes an improper limitation upon the court's discretion to issue, or to decline to issue, this type of order. *See Firemen's Insurance Co. v. Keating, supra.* Hence, we perceive no error in the court's decision not to enforce the injunction provision of the agreement.

## II

Plaintiff's remaining contention is that injunctive relief was required pursuant to C.R.C.P. 65 based upon the evidence presented at the evidentiary hearing. We are not persuaded.

The decision to grant or deny a preliminary injunction is addressed to the sound discretion of the trial court and an injunction should issue only if the trial court is convinced of its urgent necessity. *Rathke v. MacFarlane, supra.*

Here, the record fully supports the trial court's determination that plaintiff did not show either irreparable injury caused by defendants or the lack of an adequate remedy at law.

Although plaintiff complained of damage to his property, he admitted that the injuries were either speculative or had occurred outside of hunting season and could not be proven to be attributable to Hartshorn or the commercial hunters. *See American Investors Life Insurance Co. v. Green Shield Plan, Inc.,* 145 Colo. 188, 358 P.2d 473 (1960).

Further, even if we assume that there had been an increase in traffic across plaintiff's property, if that traffic constitutes a trespass,

damages would be available as the trial court observed. *See Proper v. Greager,* 827 P.2d 591 (Colo.App.1992). Therefore, we find no abuse of discretion in the court's determination that plaintiff had an adequate remedy at law. *See Burt v. Beautiful Savior Lutheran Church,* 809 P.2d 1064 (Colo.App.1990).

The order is affirmed.

JONES and BRIGGS, JJ., concur.