Jennifer FORTNER and Darrell Fortner, individually, and d/b/a Dundee Tree Service, Plaintiffs–Appellants,

v.

Ron COUSAR; Kathryn Young; the Colorado Springs City Council; the individual members of the City Council in their official capacity: Leon Young; Lisa Are'; Linda Barley; Dawson Hubert; William Guman; James Null; Lionel Rivera; and Mary Lou Makepeace; and the City of Colorado Springs, a municipal corporation, Defendants–Appellees.

No. 98CA0988.

Colorado Court of Appeals, Div. V.

Dec. 9, 1999.

Jennifer Fortner and Darrell Fortner, individually, and d/b/a Dundee Tree Service, Pro Se.

Patricia K. Kelly, City Attorney, Shane M. White, Senior Attorney, Colorado Springs, Colorado, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

In this action for judicial review of a city council decision, plaintiffs, Jennifer and Darrell Fortner, appeal the district court's determination that their tree service business license was not valid between May 29, 1997, and February 17, 1998. The Fortners sued defendants, Ron Cousar, the Colorado Springs City Forester; Kathryn Young, the City Clerk; various city council members; and the City of Colorado Springs. We affirm.

Pursuant to Colorado Springs City Code § 8–3–303(A), every tree service in Colorado Springs must obtain an annual license from the City to operate such business. Every tree service license expires December 31st of each year. To continue operating pending renewal, an applicant must file a timely application, and there must not be any pending action for suspension, revocation, or summary suspension against the licensee. Once a licensee has received a favorable decision on its license renewal application, it may continue its operations for the year of application.

The Fortners timely applied for a renewal of their license for 1997, but such renewal was denied by the Colorado Springs City Clerk. The Fortners appealed this denial to the Colorado Springs City Council (City Council).

Prior to the instant action, in December 1996, the Fortners filed a lawsuit against the City of Colorado Springs seeking relief under C.R.C.P. 106 with regard to the City's September 1996 denial of their tree business license because of inadequate insurance. The court held that the Fortners had a valid license from January 29, 1996, through December 31, 1996, and that license was valid until the Fortners' 1997 license was renewed or denied. When the 1997 license request was denied, the court dismissed the action as moot.

On May 27, 1997, City Council held a hearing on the Fortners' appeal. The Fortners were not represented at the hearing because of the illness of their attorney. Such illness was disclosed to the city attorney as well as City Council. Neither the Fortners nor their attorney attended the hearing. Despite their absence, City Council proceeded with the hearing and unanimously affirmed the denial. Because the Fortners did not seek immediate injunctive relief, two days later, the City of Colorado Springs considered them to be unlicensed for the operation of their tree service business.

The Fortners requested injunctive relief on June 18, 1997, when they filed their complaint in this action. They sought preliminary injunctive relief on June 30, 1997, and again on July 14, 1997. The district court denied both requests, finding that a preliminary injunction was not warranted because the Fortners had failed to demonstrate: (1) a reasonable probability of success on the merits, and (2) that there was no plain, speedy, or adequate remedy at law. The Fortners did not appeal the denial of their requests for preliminary injunctive relief.

On February 17, 1998, the district court remanded this case to City Council for a hearing because the court found that City Council had violated the Fortners' due process rights by not granting their request for a continuance of the May 27, 1997, hearing based on their lawyer's illness.

On April 17, 1998, the court found that the Fortners were not licensed to conduct a tree

service business between May 29, 1997, and February 17, 1998, and therefore could not operate their business in the absence of a valid license, even if the license renewal had been wrongfully denied. Between May 29, 1997, and February 17, 1998, the Fortners were cited four times for operating a tree service without a valid license.

The court ordered that, pending City Council's action in May 1998, the Fortners' license was to remain valid from February 17, 1998, until City Council made a decision. Upon rehearing on May 26, 1998, City Council determined that the Fortners were no longer licensed.

#### A.

■ The Fortners contend that the district court erred because, when it reversed the determination of City Council, it also should have declared that the Fortners' license remained valid between City Council's denial on May 27, 1997, and the district court's reversal in their favor on February 17, 1998. We disagree.

We are not aware of any Colorado case that addresses the issue of whether a party whose license renewal has been wrongfully denied may be deemed to have been continuously licensed when the denial is later reversed on judicial review for procedural reasons. However, courts in other jurisdictions have uniformly held that if a valid regulation requires an entity to obtain a license for the purpose of engaging in a business activity, the wrongful denial of the license is not a viable defense to an enforcement proceeding for carrying on the business without a license. *See, e.g., Visage Express, Inc. v. Board of Cosmetologists,* 342 Md. 605, 679 A.2d 525 (1996) (collecting cases).

■ Furthermore, wrongful refusal to renew a license is not equivalent to granting a license. *See State v. Nagle,* 148 Me. 197, 91 A.2d 397 (1952). Although the expense and delay of seeking judicial review of wrongful refusals is burdensome, this does not justify allowing an applicant, pending judicial review of such refusal, to continue to operate without a proper license. *See State v. Alix,* 110 R.I. 350, 293 A.2d 298 (1972). To do so

would allow entities to delay proceedings in court, while continuing to operate without meeting licensure requirements. *See Poulos v. New Hampshire,* 345 U.S. 395, 73 S.Ct. 760, 97 L.Ed. 1105 (1953).

As the *Poulos* Court held:

It must be admitted that judicial correction of arbitrary refusal by administrators to perform official duties under valid laws is exulcerating and costly. But ... the valid requirements of license are for the good of the applicants and the public.... Delay is unfortunate but the expense and annoyance of litigation is a price citizens must pay for life in an orderly society....

345 U.S. at 409, 73 S.Ct. at 768, 97 L.Ed. at 1116.

Furthermore, the wrongful denial of a renewal license and the resulting injustice and inconvenience to the applicant, if any, do "not justify the creation of an important risk to the safety and welfare of many which would result from the wholesale disregard of our licensing procedures." *State v. Alix, supra,* 110 R.I. at 353, 293 A.2d at 299–300.

We concur with the reasoning set forth in the above-cited cases. Accordingly, we agree with the court in *Visage Express, Inc. v. Board of Cosmetologists, supra,* 679 A.2d at 529, and hold: when a statute, rule, or regulation requires that an individual or entity obtain a license to perform a certain activity, when the requirement of the license is valid, and when there are judicial remedies to challenge an alleged wrongful refusal of that license, the person or entity may not disregard the licensing requirements, but instead must suspend engaging in the activity for which a license is required pending judicial resolution of the alleged wrongful denial.

Here, the Fortners do not dispute the validity of the licensing requirements. They also had an adequate legal remedy available to them because they could, and did, seek judicial review of City Council's denial of their renewal application. Although they sought to enjoin the city from terminating their license and citing them for operating without a license, the district court twice denied their requests for preliminary injunctive relief. These determinations were with-

in the trial court's discretion. *See Clinger v. Hartshorn,* 911 P.2d 709 (Colo.App.1996) (trial court should issue injunction only if it is convinced of its urgent necessity). On appeal, the Fortners do not contend that denial of their requests for preliminary injunction was wrongful.

Further, the Fortners do not assert that the tree licensing ordinance was unconstitutional. *Cf. Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940) (statute which forbade solicitation for religious causes without a license held unconstitutional; therefore, the action complained of was not ever a violation of the law).

The Fortners, knowing that City Council had affirmed the City's denial of its renewal application and aware that a preliminary injunction had not been granted, chose to continue to operate their business without the proper license. Thus, because the ordinance was valid, the Fortners cannot assert wrongful denial as a defense to operating their business without a valid license. In addition, the determination by the district court that the Fortners' license had been wrongfully denied was not the equivalent of granting them a license. Therefore, the trial court properly determined that the Fortners were not licensed from May 29, 1997, through February 17, 1998.

### B.

■ The Fortners contend that the district court's determinations violated the "law of the case" doctrine because its denial of the preliminary injunction requests was based on the Fortners' ability to seek money damages, but the court later made that impossible by dismissing all their claims for monetary damages. We are not persuaded.

■ A court has broad discretion to grant or deny a preliminary injunction request. A court may deny such a request if it finds that a party cannot show either a likelihood of success on the merits, or that a claim for damages would be an inadequate remedy at law. *Clinger v. Hartshorn, supra.*

■ The law of the case doctrine is a discretionary rule providing that courts must generally follow prior rulings in the same

case. *Verzuh v. Rouse,* 660 P.2d 1301 (Colo. App.1982). The law of the case doctrine applies to decisions of law, not to determinations of fact. *Mining Equipment, Inc. v. Leadville Corp.,* 856 P.2d 81 (Colo.App.1993). Further, rulings that are preliminary or tentative "do not trigger law of the case consequences." *Governor's Ranch Professional Center, Ltd. v. Mercy of Colorado, Inc.,* 793 P.2d 648, 650 (Colo.App.1990).

When the court denied the Fortners' request for preliminary injunction, it determined that they had failed to demonstrate a probability of success on the merits and that they did not show an immediate and irreparable injury because they could still sue for damages.

In a subsequent order, the court dismissed some of the Fortners' claims for damages as barred by the doctrine of *res judicata* based upon their prior lawsuit. With regard to claims for monetary damages against entities that were not parties in the first lawsuit, the court dismissed those claims because they were insufficiently pled under the Governmental Immunity Act, § 24–10–110(5), C.R.S. 1999. The court further held that it lacked subject matter jurisdiction over the Fortners' respondeat superior claim because the City of Colorado Springs had not waived its immunity. The remaining claims sought declaratory relief and judicial review of City Council's decision affirming the denial of the Fortners' renewal license. Because monetary damages are not available in a C.R.C.P. 106 proceeding, the Fortners could not seek such damages in that action, and thus did not have a remedy at law. *See Sundheim v. Board of County Commissioners,* 904 P.2d 1337 (Colo.App.1995), *aff'd,* 926 P.2d 545 (Colo.1996).

Here, the district court found that the Fortners did not meet either of the requirements for a preliminary injunction. Although the court later determined that the Fortners' due process rights had been violated and that they could not seek monetary damages, under the circumstances of this case, this change does not violate the law of the case doctrine.

In any event, the district court's denial of the Fortner's request for injunctive relief was a preliminary ruling and therefore not subject to the law of the case doctrine. Accordingly, the district court did not err when it modified its previous determination regarding the availability of damages.

The order is affirmed.

Judge DAVIDSON and Judge KAPELKE concur.